# CHARLESTON.

JOSEPH H. KASZER *et al.* v. CITY OF MORGANTOWN

(No. 6479)

Submitted March 11, 1930. Decided March 25, 1930.

*Hale J. Posten,* for plaintiff in error.
*Charles A. Goodwin,* for defendant in error.

LITZ, JUDGE:

Respondent, City of Morgantown, is aggrieved by an order of the circuit court of Monongalia County, awarding a peremptory writ of mandamus, at the instance of the petitioners, Joseph Kaszer and Eddie Earl Christopher, requiring it to remove street curbing from the front of their joint property.

The petition alleges that the petitioners are the owners of lots 1 and 2 in block 26 at the intersection of Fifth Street and Beechurst Avenue of said city, on which they have constructed and are operating a gasoline filling station; that "at the time of the erection of said station they lowered the grade of the curb on said Beechurst Avenue and Fifth Street to permit cars entering and leaving the station to pass" thereover; that thereafter the city re-paved Beechurst Avenue and its intersection with Fifth Street, and "also re-laid the curb thereon in such manner that cars entering said filling station can leave only by backing into Beechurst Avenue or entering Fifth Street; * * * that it is almost impossible for cars to enter into said Fifth Street by reason of the extension of said curb", and prays that a peremptory writ of mandamus be granted commanding the city "to lower the grade of said curb in such manner that cars and automobiles may pass and re-pass over the same."

The answer of the respondent admits that automobiles entering and leaving the filling station of petitioners cannot pass over the curb at the exact intersection of Fifth Street and Beechurst Avenue, but averts that there is easy and convenient access by motor vehicle to said station from Beechurst

Avenue or Fifth Street. The answer further avers substantially that upon complaint of petitioners, the city removed a portion of the curb on Fifth Street near its intersection with Beechurst Avenue and that the removal of more would create a serious and dangerous impediment to the free and open use of the sidewalks by the general public.

Upon motion of the petitioners, the answer of respondents was quashed and the peremptory writ awarded as prayed.

In view of the averments of the answer, which are taken as true on the motion to quash, the ruling of the circuit court is erroneous. "A municipality possesses inherent authority under its general police power to exercise reasonable regulations in the manner of improving its streets, for the purpose of protecting and preserving the lives and property of its citizens." *Jeffers* v. *City of Charleston*, 103 W. Va. 51. The petitioners are not entitled to a monopolistic use of the sidewalks of the city to the serious detriment of other citizens. "The police power of a municipality extends to all reasonable regulations relating to keeping the sidewalks, streets and public ways free from obstructions and nuisances and to all proper restraining regulations relative to the use thereof. Manifestly the protection of life and limb and the safe, free and convenient use of public streets by all are matters of public concern and there is both a power and obligation on the part of the public authorities to pass and enforce reasonable police provisions for this purpose." McQuillin, Municipal Corporations, Vol. 3, 2nd Ed., p. 193, sec. 981.

The order of the circuit court, complained of, is reversed and the case remanded.

*Reversed and remanded.*